924 F.2d 1061
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
J.C. STANLEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-3751.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 19, 1990.*
Decided Jan. 31, 1991.
 
 Before CUDAHY, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 J.C. Stanley pleaded guilty to three charges of destroying by fire and explosives property used in and affecting interstate commerce in violation of 18 U.S.C. Sec. 844(i). The district court sentenced Stanley to consecutive six-year sentences of imprisonment on the first two charges and a five-year term of probation on the third charge. The court also ordered Stanley to pay restitution in the amount of $202,897.31. Stanley did not file a direct appeal.[1] Stanley then filed pro se a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. Sec. 2255. Stanley subsequently retained counsel who was granted leave to amend the motion. The amended motion alleged, for the first time, that the district court erred in imposing restitution because it did not consider Stanley's ability to pay and that Stanley was unaware and did not understand that under the plea agreement the court could impose restitution. The amended motion did not address Stanley's failure to file a direct appeal. In its response to the section 2255 motion, the government pointed out that Stanley had made no attempt to show cause and prejudice. Stanley replied: "[T]he errors he complains of in his Petition were not intentionally bypassed and were the result of oversight, blunder and defaults." The district court held that this was insufficient to show cause and denied the motion. Stanley appeals.
 
 
 2
 To show cause, Stanley contends for the first time on appeal that counsel was ineffective. He argues that trial counsel did not file a direct appeal or appeal from the denial of the Rule 35(b) motion because it was counsel's strategy to rely instead on Stanley's additional, post-sentencing cooperation with the F.B.I., and apparently to plead for leniency in the Rule 35(b) motion in light of this further cooperation. The F.B.I.'s delay in arranging an interview, Stanley argues, is an "external pediment" which excuses his waiver.
 
 
 3
 This argument was not presented to the district court. Arguments raised for the first time on appeal are waived. Patrick v. Jasper County, 901 F.2d 561, 566 (7th Cir.1990). Even if it were not waived, trial counsel's decision was a strategic one which this court will not second guess. See United States v. Rush, 890 F.2d 45, 51 (7th Cir.1989) (quoting Strickland v. Washington, 466 U.S. 668, 690-91 (1984)). Stanley does not argue that he asked counsel to file an appeal. We cannot conclude that counsel's performance was ineffective based on the argument and record before us. The district court properly found that Stanley was unable to show cause.
 
 
 4
 Stanley also invokes the concept of fundamental fairness and argues that the district court's failure to consider his financial condition was plain error and that this allows him to skirt the cause and prejudice requirement. On this appeal, we may only review the district court's handling of the section 2255 motion for plain error. See United States v. Frady, 456 U.S. 152, 166 n. 15 (1982). We may not invoke plain error to review the district court's handling of the sentencing hearing. See id. Stanley cites United States v. Gomer, 764 F.2d 1221 (7th Cir.1985), and United States v. Arvanitis, 902 F.2d 489 (7th Cir.1990), as support for his argument that the plain error doctrine allows him to avoid making a showing of cause and prejudice. In the discussion of defendant Arvanitis' case in Arvanitis[2] and Gomer's case in Gomer, this court invoked plain error on direct appeal from a judgment of conviction and sentence in which the district court erred in ordering restitution. This is not a direct appeal, but an appeal from a denial of a section 2255 motion. The district court applied the cause and prejudice standard, and Stanley makes no argument that this was plain error. As discussed, we agree with the district court's analysis of cause.
 
 
 5
 Two other defendants in Arvanitis, Panagiotaros and Richards, did not object at sentencing to the order of restitution and did not file a direct appeal or raise the issue in their section 2255 motion or on appeal from the denial of that motion. The court required the defendants to show cause and prejudice for their failure to raise the restitution issue on direct appeal and to show plain error for their failure to raise the issue in their section 2255 motions. See id. at 497. The court found plain error in the district court's calculation of the restitution amount and remanded the cause to the district court. Id. What appears to be significant is the limited nature of the remand. The court did not automatically order a remand for resentencing, but for the defendants to have an opportunity to argue cause and prejudice for their waiver. Here, even if we were to find that the district court committed plain error in sentencing Stanley, this does not automatically entitle him to be resentenced. The requirement that Stanley show cause and prejudice for his procedural default remains. There is no reason to remand to the district court on this issue because Stanley has had an opportunity to argue cause and prejudice, and the district court correctly concluded that he could not establish cause. Stanley is not entitled to a second opportunity.
 
 
 6
 Accordingly, the judgment of the district court is
 
 
 7
 AFFIRMED.---------------
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Stanley did file a Rule 35(b) motion which the district court denied on the grounds that by filing on the 119th day of the filing period, Stanley "ha[d] simply not given this court enough time to consider the motion." The court stated that the Supreme Court's order of April 29, 1985, 105 F.R.D. 179, amending Rule 35(b) required that the motion be filed and that the court rule within 120 days after the imposition of sentence. Stanley did not appeal the denial of the Rule 35(b) motion
 
 
 [2]
 Arvanitis involved the consolidated appeals of five co-defendants